USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __August 18, 2021__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VERE JOSEPH,** | |
| **Plaintiff,** | **21 CV 5999 (ALC)** |
| -against- | **ORDER OF SERVICE** |
| **NYC DEPARTMENT OF PROBATION,** | |
| **Defendant.** | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff, who appears *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964. She sues her former employer, the New York City Department of Probation. The Court construes the complaint as also asserting claims under the New York State and City Human Rights Laws.

By order dated August 13, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on Defendant.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Defendant until the Court reviewed the complaint and ordered that a summons be issued for Defendant. The Court therefore extends the time to serve

Defendant with the complaint until 90 days after the date that a summons is issued for Defendant. If the complaint is not served on Defendant within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of the summons and the complaint upon Defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summons for Defendant New York City Department of Probation, (2) complete a USM-285 form with the service address for that defendant, and (3) deliver all documents necessary to effect service of a summons and the complaint on that defendant to the U.S. Marshals Service.

SO ORDERED.

Dated:   August 18, 2021
         New York, New York

_____
ANDREW L. CARTER, JR.
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

NYC Department of Probation
33 Beaver Street, Room 2124
New York, New York 10004